## Soby v. Hubbard, Collector.

*(Circuit Court, D. Connecticut. January 27, 1892.)*

1. Customs Duties—Tobacco Wrappers—Percentage of Quality.
    Under Act Cong. March 3, 1883, § 6, (22 St. p. 503,) imposing a duty of 75 cents per pound upon unstemmed leaf tobacco of which 85 per cent. is suitable for wrappers, and 35 cents on all other unstemmed leaf tobacco, but one rate of duty is payable upon the whole unit of quantity, whatever that may be; and whether that rate is 75 or 35 cents depends upon whether the percentage of wrappers in the unit is greater or less than 85 per cent.

2. Same—Unit of Quantity.
    The unit of quantity under the statute is the separated quantity of unstemmed leaf tobacco of a uniform grade; and where the entry consists of many bales of the same brand, honestly and fairly packed, the rate of duty is determined by ascertaining whether the percentage of wrappers in the whole lot is greater or less than 85 per cent. thereof. *Falk v. Robertson,* 11 Sup. Ct. Rep. 41, 137 U. S. 225, distinguished.

At Law. Action by Charles Soby against Charles C. Hubbard, as collector of customs, to recover duties paid under protest on certain imported tobacco. Judgment for plaintiff.

*Lewis E. Stanton* and *William Stanley,* for plaintiff.

*George G. Sill,* U. S. Dist. Atty., for defendant.

SHIPMAN, District Judge. This is an action at law by Charles Soby to recover from the collector of customs for the port of Hartford the duties, which are claimed to have been illegally exacted, and which were paid under protest, upon a portion of an importation of Sumatra tobacco into said port from Amsterdam, in June, 1890. The parties, by written stipulation in writing, and duly signed, waived a trial by jury, the cause was tried by the court, and the following facts are found to have been proved and to be true: The plaintiff, Charles Soby, a citizen and resident of Connecticut, purchased of Schroeder & Bon 100 bales of Sumatra unstemmed leaf tobacco, to be used for wrappers. The whole number of bales were, upon their arrival in New York from Holland in June, 1890, immediately transported, without appraisement, to the port of Hartford. The invoice consisted of two different plantation lots,—one of 43 bales from the "Lankat" plantation, and one of 57 bales from the "Senembah" plantation. The hands of tobacco had been properly packed in bales in the usual way in Sumatra, without fraud, or attempt to deceive or to evade the customs laws of this country, and had not been opened or repacked in Holland, and were all intended for wrappers. The tobacco in each separate lot was of uniform quality. Upon the entry of the goods in Hartford, the two plantation lots were separately examined, weighed, and appraised by the appraiser. Five bales of the Lankat lot and six bales of the Senembah lot were set apart, cut open, and ten hands were drawn from different parts of each bale. The hands from each bale were separately weighed, the weights were recorded, the leaves in each hand were separately counted, and the numbers were recorded.

According to the table furnished by the appraiser in New York, and approved by the treasury department, all hands of tobacco weighing from 3 to 3 1-32 ounces, and counting 18 leaves per hand, are equal to 100 leaves per pound. All those weighing from 3 2-32 ounces to 3 6-32 ounces, and counting 19 leaves to the hand, equal 100 leaves to the pound. No examination as to size or fineness of texture was made. The examination was made strictly in accordance with instructionsw hich were approved by the treasury department, and no complaint is made of its accuracy, or of the accuracy of its results. There were 7,401 pounds in the Lankat lot, upon which the appraiser reported: "Leaf tobacco, over 100 leaves per pound, 6,941 pounds, or 93 1-4 per cent., 75 cents per pound; and all other leaf tobacco 460 pounds, or 6 3-14 per cent., 35 cents per pound." There were 9,816 pounds in the Senembah lot, upon which the appraiser reported: "Leaf tobacco, over 100 leaves per pound, 8,194 pounds, or 83 483-1009 per cent. of all, at 75 cents per pound. All other leaf tobacco, 1,622 pounds, or 16 526-1009 per cent. of all, at 35 cents per pound." The Lankat lot was withdrawn for transportation to New York, where the duty was paid, so that no question arises in this case in regard to that lot. The collector returned on the warehouse entry: "Senembah (M. Y.) P. Fifty-seven bales wrapper tobacco. Over 100 leaves per lb., 8,194 pounds, at 75 cents; not over 100 leaves per lb., 1,622 pounds, at 35 cents." A duty of 75 cents per pound was exacted, and paid under protest, upon 8,194 pounds, to obtain possession of said goods, and a duty of 35 cents per pound was exacted and paid upon 1,622 pounds. The plaintiff made due protest and appeal, and all the statutory prerequisites to the institution of a suit were duly complied with. No evidence was offered upon the trial to show that the Senembah tobacco had more or less than 85 per cent. of the requisite size and of the necessary fineness of texture to be suitable for wrappers. The plaintiff offered some evidence to show that some of the leaves were torn or broken, or worm-eaten, or rusty, but did not undertake to show that the percentage was more than 15 per cent. It was apparent that the percentage of inferior tobacco was quite small, but whether it was a trifle more or less than 15 per cent. did not appear. The torn and broken leaves became so in transportation and by rubbing against the outside of the bale.

The questions upon the foregoing facts are whether the statute was correctly construed, and whether the collector exacted the proper rate of duty. The tobacco was dutiable under section 6 of the Act of March 3, 1883, c. 121, (22 St. p. 503,) which is as follows:

"Leaf tobacco, of which eighty-five per cent. is of the requisite size and of the necessary fineness of texture to be suitable for wrappers, and of which more than one hundred leaves are required to weigh a pound, if not stemmed, seventy-five cents per pound; if stemmed, one dollar per pound. All other tobacco in leaf, unmanufactured, and not stemmed, thirty-five cents per pound."

This statute received, during its life-time, various constructions from the officers whose duty it is to construe the customs revenue laws. It

is not clearly expressed, and there were serious practical difficulties in the way of administering it, under any construction.

The first question is whether the provision in regard to weight relates to the 85 per cent. which is to be of the requisite size and texture, or whether the statute is to read, "Leaf tobacco, of which more than one hundred leaves are required to weigh a pound." The latter construction has never apparently been favorably considered by the treasury department or by the supreme court. The statute means that leaf tobacco, not stemmed, which has in its unit of quantity, whatever that unit may be, 85 per cent. of the requisite size, fineness, and weight, is dutiable at 75 cents per pound.

The next and most important question relates to the unit upon which the 85 per cent. is to be calculated. In *Falk* v. *Robertson,* 137 U. S. 225, 11 Sup. Ct. Rep. 41, there were in each bale two separate classes of tobacco, one "wrappers," and the other "fillers," and each class was separated from the other by strips of paper or cloth, so that when the bale was opened one class was readily separable from the other. The whole of the wrapper class was of the specified size, fineness, and weight. The supreme court held that in such case the unit was not the bale, but was the separated quantity of the wrapper leaf of the specified description. The facts in this case are very different from those in the *Falk Case,* but the idea which the court gives of the proper unit upon which calculation is to be made is also applicable to different states of fact. The unit is the separable and separated quantity of leaf tobacco wrappers of substantially uniform grade. A whole invoice, fairly packed, and consisting of one grade or lot, might be a proper unit. When the invoice consists of two or more separate lots, of different grades, it cannot be the unit. When bales are falsely packed, or the tobacco is fraudulently admixed with "filler" tobacco, or two classes of tobacco are presented in one bale, the leaf tobacco in wrappers, answering the statutory description in each bale, is, as in the *Falk Case,* properly the unit. In this case there were two separate lots, all the tobacco was for wrappers, the lot in question was of uniform grade, and there was no fraudulent admixture of inferior tobacco. I am of opinion that the proper unit was the quantity of tobacco in the Senembah lot. The quantity contained a fraction over 83 per cent. of the required weight. Whether it contained more or less of the requisite fineness and size is unknown. The instructions of the treasury department apparently proceeded upon the theory that the size and fineness would correspond with the weight; and, so far as the testimony in the case shows, I am not prepared to say that this theory is not a correct one. The examination of the appraiser having shown that 83 per cent. of the quantity had the statutory requisite as to weight, the collector exacted a duty of 75 cents per pound upon that percentage of the entire number of pounds, and a duty of 35 cents per pound upon the rest of the tobacco. I am of opinion that the statute imposed a duty of 75 cents per pound upon the whole quantity if 85 per cent. thereof came up to the statutory standard, and of 35 cents per pound if 85 per

cent. was not reached. The rule under which the collector acted ignored the requirement of the statute in regard to 85 per cent. The statute does not say that a duty of 75 cents is imposed upon so much of the unit of calculation as reaches the required standard, and a duty of 35 cents upon the residue; but it says that the higher rate is imposed upon the whole quantity if 85 per cent. thereof has the requisite description. The statute did not contemplate that from a unit of uniform grade the portion of tobacco which was of the required standard was to be sorted out, and considered as dutiable at 75 cents. If this is the correct theory, if a quantity of tobacco of uniform grade and honestly packed contains only 10 per cent. of the required standard, and 90 per cent. of inferior grade, the 10 per cent. is to pay 75 cents per pound. Again, if the unit happened to be 100 pounds, 86 of which were of the requisite standard in the three particulars of size, fineness, and weight, the collector would, in accordance with this rule, exact 75 cents per pound upon 86 pounds, and 35 cents per pound upon 14 pounds, whereas, the statute requires a duty of 75 cents upon the whole 100 pounds. Accordingly, the papers in the case show that the collector was about to collect upon 93 per cent. of the Lankat lot a duty of 75 cents per pound, and a duty of 35 cents per pound upon the remaining 7 per cent., whereas, if 93 per cent. conformed to the required standard, the entire quantity was dutiable at the larger rate.

The theory of the department is based upon those clauses in the decision in the *Falk Case* which say that the duty of 75 cents per pound is imposed upon any quantity of unstemmed leaf tobacco of the specified quantity and weight. This language is to be read in the light of the peculiar facts of that case, and in connection with other language of the court which shows that emphasis was placed upon these facts. I do not think that it was the intention of the court to hold, where leaf tobacco, designed and generally suitable for wrappers, and of uniform grade, had been packed without fraud or false packing, that so much of the tobacco in the uniform lot as conformed to the requisite description, without any reference to the 85 per cent. provision, was dutiable at 75 cents per pound, and the residue, whether more or less than 15 per cent. of the entire quantity, was dutiable at 35 cents per pound. Such a construction would create a new statute. The decision of Judge WHEELER, in the case entitled *In re Blumlein*, 49 Fed. Rep. 228, which was recently tried in New York, accords with the views which I have expressed.

Let judgment be entered for the plaintiff for the sum of $3,277 and costs, and let a certificate of probable cause also be entered.